THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTONIO FUENTES, Appellant, v. J. EDWIN LA VALLEE, as Warden of Auburn Prison, Respondent. — Judgment unanimously affirmed. Memorandum: Relator appeals from a denial of his application for a writ of habeas corpus. Special Term gave as its reasons " that the petition failed to comply with the requirements of CPLR, Section 7002 (c) 1. and 6." Among other deficiencies in the petition was the absence of any reference to other applications made by petitioner since his conviction on April 15, 1955. The official reports indicate that petitioner has resorted to various proceedings since his conviction. The court recited in the narrative part of its order that the petition " is without merit ". Inasmuch as the application was denied and there was no hearing, the substantive merits of petitioner's application were not considered. The denial, therefore, was without prejudice to the institution of a proper proceeding if petitioner is so advised. (Appeal from judgment of Cayuga Supreme Court denying application for writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Moule, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD J. SELLERS, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Judgment unanimously affirmed. Memorandum: Relator appeals from the judgment dismissing his writ of habeas corpus proceeding in which, in effect, he seeks a recomputation of the period of his lawful detention under his sentences of 1965 and 1969, which the Parole Board has computed to extend to May 10, 1973 and which relator contends have expired. On November 11, 1971, relator was released on parole under those sentences and he remains on parole. " His liberty [therefore] is no longer restrained to such a degree as to entitle him to the extraordinary writ of habeas corpus" (*People ex rel. Wilder* v. *Markley,* 26 N Y 2d 648). Thus relator has chosen an incorrect remedy. Our determination is without prejudice to his application to the Parole Board or his petition to the court for a recomputation of his sentence (see *People* v. *Cornish,* 21 A D 2d 280). (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Moule, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD JOHN SHERIDAN, Appellant.— Order unanimously affirmed. Memorandum: We find the application to be without merit as a matter of law. The only questions of substance which could conceivably warrant a hearing were presented to the trial court on the motion to set aside the verdict and for a new trial, and they were reviewed by us on the direct appeal from the judgment which was affirmed (*People* v. *Sheridan,* 27 A D 2d 705). (Appeal from order of Onondaga County Court denying motion to vacate judgment of conviction rendered January 11, 1966.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Moule, JJ.